IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TAMIKA GAY | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO: |
| | ) | |
| VENTRON MANAGEMENT, LLC , | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Tamika Gay, Plaintiff in the matter above captioned, and files this Complaint for Personal Injury against the Defendant, Ventron Management, LLC (hereinafter "Ventron") and shows the Court as follows:

## VENUE

1.

Defendant, Ventron, is a foreign corporation doing business in Georgia with registered agent Mark Stewart whose address is 2200 Sullivan Rd, College Park, Fulton County, GA 30337. Defendant may be served with summons and process at said address, and is subject to the jurisdiction of this Court.

2.

All of the actions and omissions took place entirely within Dekalb County, Georgia. Venue is proper in the State Court of Dekalb County, Georgia.



## NATURE OF ACTION

3.

This is a negligence action brought by Plaintiff to recover all damages suffered as a result of Defendant's failure to keep the premises of Arbor Crossings Apartment Homes, located in Lithonia, Dekalb County, Georgia safe which ultimately caused Plaintiff to suffer personal injuries and pain.

4.

That Plaintiff has been injured, incurred substantial medical expenses in the amount of $8,000.00, or more and pain and suffering and will continue to experience pain and suffering for the indefinite future;

5.

The Plaintiff's injuries and other damages were proximately caused by the Defendant;

6.

That Plaintiff is entitled to collect from Defendant for all of his damages;

WHEREFORE, Plaintiff prays:

A) That Process issue and that Defendants be served with a copy of this suit and summons;

B) That judgment be entered for Plaintiff and against Defendant in a reasonable amount;

C) That all cost be cast upon Defendant;

D) That Plaintiff have such additional and further relief as this honorable court deems

fair, just, and equitable.

Respectfully Submitted,

G. Lamar Smith, Jr
Attorney for Plaintiff
Georgia Bar No. 141422

3400 Peachtree Rd
Suite 1311
Atlanta, GA 30326
(404)944-1194

02/17/2012 01:11 PM

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TAMIKA GAY                          )
                                    )
        Plaintiff,                  )        CIVIL ACTION
                                    )
vs.                                 )        FILE NO: 12S41033-5
                                    )
VENTRON MANAGEMENT, LLC ,           )
                                    )
Defendant.                          )
                                    )
                                    )
                                    )

## AMENDED COMPLAINT

COMES NOW, Tamika Gay, Plaintiff in the matter above captioned, amends her

complaint as follows:

## VENUE

1.

Defendant, Ventron, is a foreign corporation doing business in Georgia with

registered agent Mark Stewart whose address is 2200 Sullivan Rd, College Park, Fulton

County, GA 30337. Defendant may be served with summons and process at said address,

and is subject to the jurisdiction of this Court.

2.

All of the actions and omissions took place entirely within Dekalb County,

Georgia. Venue is proper in the State Court of Dekalb County, Georgia.

## NATURE OF ACTION

### 3.

This is a negligence action brought by Plaintiff to recover all damages suffered as a result of Defendant's failure on February 17th 2010 to keep the premises of Arbor Crossings Apartment Homes, unit 1207 located in Lithonia, Dekalb County, Georgia safe which ultimately caused Plaintiff to suffer personal injuries and pain.

### 4.

That Plaintiff has been injured, incurred substantial medical expenses in the amount of $8,000.00, or more and pain and suffering and will continue to experience pain and suffering for the indefinite future;

### 5.

The Plaintiff's injuries and other damages were proximately caused by the Defendant;

### 6.

That Plaintiff is entitled to collect from Defendant for all of his damages;

WHEREFORE, Plaintiff prays:

A) That Process issue and that Defendants be served with a copy of this suit and summons;

B) That judgment be entered for Plaintiff and against Defendant in a reasonable amount;

C) That all cost be cast upon Defendant;

D) That Plaintiff have such additional and further relief as this honorable court deems fair, just, and equitable.

Respectfully Submitted,

G. Lamar Smith, Jr
Attorney for Plaintiff
Georgia Bar No. 141422

3400 Peachtree Rd
Suite 1311
Atlanta, GA 30326
(404)944-1194

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TAMIKA GAY,                     )
                               )
          Plaintiff,           )
                               )          CIVIL ACTION
v.                             )          NO. 12A-41033-5
                               )
VENTRON MANAGEMENT, LLC,       )
                               )
          Defendant.           )

**DEFENDANT'S ANSWER AND DEFENSES**
**TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW defendant and submits its answer and defenses to plaintiff's amended complaint,[1] showing the Court as follows:

FIRST DEFENSE

Plaintiff's amended complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

In response to the numbered paragraphs of plaintiff's amended complaint, defendant answers as follows:

---

[1]    Plaintiff filed an amended complaint before defendant's time to respond to the original complaint expired.  Because the amended complaint supersedes the original complaint, defendant is responding to the amended complaint only.

## ANSWER TO VENUE

1.

Responding to the allegations contained in paragraph 1 of plaintiff's amended complaint, defendant admits that (1) it is a foreign limited liability company doing business in Georgia, and (2) it may be served via its registered agent, Mark Stewart, who is located at 2200 Sullivan Road, College Park, Georgia 30337. Defendant denies the remaining allegations contained in paragraph 1 of plaintiff's amended complaint.

2.

Responding to the allegations contained in paragraph 2 of plaintiff's amended complaint, defendant admits that (1) the incident referenced in plaintiff's amended complaint allegedly occurred in DeKalb County, and (2) DeKalb County is one of multiple potential venues for this case. Defendant denies the remaining allegations contained in paragraph 2 of plaintiff's amended complaint.

## ANSWER TO NATURE OF ACTION

3.

Responding to the allegations contained in paragraph 3 of plaintiff's amended complaint, defendant admits that (1) plaintiff's claim against it is based on its alleged negligence, and (2) plaintiff is seeking to recover damages from

defendant. Defendant denies the remaining allegations contained in paragraph 3 of plaintiff's amended complaint.

4.

Defendant can neither admit nor deny the allegations contained in paragraph 4 of plaintiff's amended complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff upon strict proof of the same.

5.

Defendant denies the allegations contained in paragraph 5 of plaintiff's amended complaint.

6.

Defendant denies the allegations contained in paragraph 6 of plaintiff's amended complaint.

7.

Responding to the unnumbered paragraph immediately following paragraph 6 of plaintiff's amended complaint, which begins "WHEREFORE" and includes subparagraphs (A) through (D), defendant denies that it is liable to plaintiff or that plaintiff is entitled to any relief from it under any theory at law or in equity.

8.

Except as expressly admitted, denied, or otherwise responded to, defendant denies all allegations contained in plaintiff's amended complaint.

## THIRD DEFENSE

To the extent as may be shown by the evidence through discovery, there may have been an insufficiency of process; therefore, the Court may lack personal jurisdiction over defendant.

## FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, there may have been an insufficiency of service of process; therefore, the Court may lack personal jurisdiction over defendant.

## FIFTH DEFENSE

Plaintiff's claim may be barred by the statute of limitations.

## SIXTH DEFENSE

Venue may be inconvenient in DeKalb County.

## SEVENTH DEFENSE

Defendant did not owe plaintiff any legal duty of care.

## EIGHTH DEFENSE

Defendant did not breach any legal duty of care it may have owed to plaintiff.

## NINTH DEFENSE

No act or omission of defendant either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendant.

## TENTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act or omission by defendant in any way caused or contributed to the incident described in the amended complaint.

## ELEVENTH DEFENSE

The alleged injuries and damages sustained by plaintiff resulted solely from the voluntary and intentional conduct of plaintiff and not from any conduct of defendant.

## TWELFTH DEFENSE

Plaintiff's alleged injuries and damages were solely and proximately caused by the unforeseeable, deliberate, and intervening criminal conduct of others for which defendant is not liable.

## THIRTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant asserts the defenses of assumption of the risk, contributory and/or comparative negligence, failure of plaintiff to exercise ordinary care for her safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, sudden emergency, and waiver.

## FOURTEENTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known to it during the course of its investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the amended complaint, defendant prays as follows:

(a)     That judgment be entered in favor of defendant and against plaintiff on the amended complaint;

(b)     That the costs of this action, including attorney fees, be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148

Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendant

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\5952\45108\00093332.DOC

**DEFENDANT DEMANDS A TRIAL BY JURY OF
TWELVE AS TO ALL ISSUES SO TRIABLE**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** by depositing a copy of same in the United States Mail, postage pre-paid, addressed to the following:

G. Lamar Smith, Jr., Esq.
THE LAMAR LAW FIRM, LLC
3400 Peachtree Road
Suite 1311
Atlanta, GA 30326

This 21st day of March, 2012.

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TAMIKA GAY,                          )
                                     )
      Plaintiff,                     )
                                     )
                                     )      CIVIL ACTION
v.                                   )      NO. 12A-41033-5
                                     )
VENTRON MANAGEMENT, LLC,             )
                                     )
      Defendant.                     )

## DEFENDANT'S NOTICE OF FAULT OF NON-PARTY

COMES NOW defendant and, pursuant to O.C.G.A. § 51-12-33, notifies the Court and the parties that Gregory Miller may be wholly or partially at fault in connection with plaintiff's alleged injuries and damages.

Miller's last known address is 10 Arbor Crossing Drive, Apt. 1207, Lithonia, Georgia 30058.

The basis for defendant's belief that Miller may be at fault is that he was the tenant of the apartment where the incident allegedly occurred and may have negligently or wrongfully failed to warn plaintiff about the allegedly hazardous condition. Consequently, plaintiff's alleged injuries and damages may have been caused, at least in part, by Miller's acts or omissions over which defendant had no control.

This notice is given for purposes of having the jury in the trial of this action consider the negligence or fault of Miller.

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148
Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendant

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\5952\45108\00093435.DOC

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANT'S NOTICE OF FAULT OF NON-PARTY** by depositing a copy of same in the United States Mail, postage pre-paid, addressed to the following:

G. Lamar Smith, Jr., Esq.
THE LAMAR LAW FIRM, LLC
3400 Peachtree Road
Suite 1311
Atlanta, GA 30326

This 21st day of March, 2012.

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TAMIKA GAY,                          )
                                     )
        Plaintiff,                   )
                                     )        CIVIL ACTION
v.                                   )        NO. 12A-41033-5
                                     )
VENTRON MANAGEMENT, LLC,             )
                                     )
        Defendant.                   )

## DEFENDANT'S DEMAND FOR TRIAL BY JURY OF TWELVE

COMES NOW defendant and, pursuant to O.C.G.A. § 15-12-122(a)(2), demands that this case be tried by a jury of twelve. Based on the allegations in the amended complaint, plaintiff appears to be seeking in excess of $25,000 in damages.

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148
Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendant

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\5952\45108\00093966.DOC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the foregoing **DEFENDANT'S**

**DEMAND FOR TRIAL BY JURY OF TWELVE** by depositing a copy of same

in the United States Mail, postage pre-paid, addressed to the following:

G. Lamar Smith, Jr., Esq.
THE LAMAR LAW FIRM, LLC
3400 Peachtree Road
Suite 1311
Atlanta, GA 30326

This 21st day of March, 2012.

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TAMIKA GAY,                          )
                                     )
         Plaintiff,                  )
                                     )        CIVIL ACTION
v.                                   )        NO. 12A-41033-5
                                     )
VENTRON MANAGEMENT, LLC,             )
                                     )
         Defendant.                  )

## **DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF**

COMES NOW defendant and, pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, requests that plaintiff respond to the following interrogatories in writing and under oath within the time permitted by law and in accordance with the definitions and instructions set forth below. The following interrogatories are to be considered continuing in character and must be supplemented to the extent required by O.C.G.A. § 9-11-26(e).

## **DEFINITIONS**

1.      The terms "you" and "your" shall mean plaintiff, Tamika Gay, or any person(s) acting or purporting to act in any manner for her or on her behalf.

2.     The term "incident" shall mean the alleged slip-and-fall incident involving plaintiff inside unit 1207 at the Arbor Crossings Apartments on or about February 17, 2010, as more fully described in the amended complaint.

3.     The term "person" shall mean any natural person, corporation, partnership, sole proprietorship, association, institute, joint venture, firm, governmental body, or any other legally cognizable entity, for profit or not for profit, whether privately or publicly owned or controlled or partially or fully owned or controlled by a government.

4.     The term "document" shall mean, embrace, and include, but shall not be limited to, any tangible thing upon which information is or has been stored, recorded, or communicated that is in your custody, control, or possession or of which you have knowledge, whether prepared by you or any other person, including but not limited to the following:  letters; correspondence; memoranda; handwritten, typed, and stenographic notes; telegrams; telefaxes; teletypes; messages; facsimiles; records; invoices; contracts; agreements; purchase orders; financial records; financial statements; summaries; studies; analyses; reports; brochures; bulletins; notices; leaflets; pamphlets; lists; indexes; circulars; manuals; maps; drawings; sketches; charts; graphs; schedules; calendars; agenda; diaries; journals; newspapers; periodicals; memoranda; notes of telephone and personal

conversations and conferences; records of communications; audio tapes, discs, recordings, and cards; data processing tapes, discs, recordings, and cards; audio data processing tapes, discs, recordings, and cards; video tapes, discs, recordings, and cards; computer tapes, discs, recordings, and cards; magnetic tapes, discs, recordings, and cards; diskettes; recordings; computer printouts, reports, and runs and any codes necessary to comprehend such documents; data compilations; statistical compilations; x-rays; photographs; films; motion pictures; microfilms; microfiche; books; treatises; studies; all other media, records, data, and sound recordings that are machine-readable or capable of being converted into written form or transcribed; and any other method or nature, however produced or reproduced, by which or through which information is recorded, preserved, or contained, including copies of such documents. Every draft or non-identical copy of a "document" is a separate document as defined herein.

The term "document" shall also mean, embrace, and include all documents within your possession, custody, or control or the possession, custody, or control of your agents, representatives, attorneys, associates, or anyone else known to you, where such document has not been previously produced.

5.     The term "date" shall mean the exact day, month, and year, if known to you, or, if the exact date is not known, the best available approximation.

6.     The term "communication" shall include any oral utterance made, heard, or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

7.     The term "identify" shall mean the following:

     a.     When used in reference to an individual or natural person, the term "identify" shall mean to state his or her full name; present or last known business affiliation, position, address, and telephone number (designating which); and present or last known residence address and telephone number (designating which).

     b.     When used in reference to any person other than a natural person, the term "identify" shall mean to state the full name of the entity and its chief executive officer or most senior officer, the form of the entity (e.g., corporation, partnership, government agency, etc.), and the present or last known telephone number and address of its principal place of business (designating which).

     c.     When used in reference to an oral communication, the term "identify" shall mean to state the date, subject matter, communicator, communicatee, nature of the communication, place or places where the

communication occurred, whether the communication was recorded or otherwise memorialized, and the identity of any witness thereto.

        d.      When used in reference to a document, the term "identify" shall mean to (1) state the date, title, and general subject matter of the document; (2) provide a brief description of the document (e.g., letter, memorandum, etc.) or some other means of identifying it (e.g., invoice number); (3) identify the author(s), addressee(s), and recipient(s) of the document; and (4) provide the names and current addresses of any and all persons who have custody or control of the document and copies thereof.  If any document that you would have identified in response to any interrogatory was but is no longer in your present possession or subject to your control or is no longer in existence, in addition to all the above information of which you have knowledge, state whether any such document is or has been missing, lost, destroyed, transferred to others, or otherwise disposed of, and in any such instance set forth the surrounding circumstances of any authorization for such disposition, state the approximate date of such disposition, and, if known, the present location and custodian of such documents.

        In lieu of stating the foregoing information, you may attach a legible copy of a document to your responses hereto, specifying the particular interrogatory to

which the document is responsive and identifying the present custodian of the original.

8.    The term "healthcare provider" shall mean doctors, physicians, dentists, psychologists, psychiatrists, mental healthcare providers, nurses, physicians' assistants, therapists, pharmacists, substance abuse treatment personnel, and all other providers of services for the purposes of diagnosing, treating, stabilizing, or otherwise affecting the physical or mental health of the patient.

9.    The term "healthcare facility" shall mean hospitals, clinics, outpatient facilities, offices, laboratories, pharmacies, and all other locations at which medical care, treatment, or medication is provided by any healthcare provider.

10.    The terms "and" and "or" shall have both conjunctive and disjunctive meanings.

## **INSTRUCTIONS**

1.    The following interrogatories are to be answered to the extent of all information that is or may be available to you or to any other person or entity who has acted or is now acting on your behalf.

2.    Each interrogatory shall be construed independently and answered separately, fully, and completely, without reference to any answer to any other

interrogatory, based upon your knowledge or upon your information and belief, and any answer based upon information and belief should state that it is given upon such basis.

3.     If you are unable to answer any of the following interrogatories fully and completely after exercising reasonable effort and due diligence to secure the requested information, so state and answer each such interrogatory to the fullest extent possible, specify the portion of the interrogatory that you claim you are unable to answer fully and completely, and state what knowledge, information, or belief you have concerning the unanswered portion of the interrogatory.   If the requested information is in the possession of a person other than you, identify that person.

4.     To the extent that any requested information is unknown to you, so state and set forth such information as is known to you.   If any estimate can reasonably be made in place of unknown information, set forth your best estimate, clearly designated as such, and describe the basis upon which the estimate is made.

5.     Each interrogatory shall be construed to include information and documents within your knowledge, possession, or control as of the date of your answer to these interrogatories and any supplemental information, knowledge,

data, documents, or communications responsive to these interrogatories that is subsequently generated, obtained, or discovered.

6.     If you claim that any information, matter, or part thereof is privileged or otherwise exempt from disclosure, and you withhold such information or matter on that basis, you should:

a.     state the nature of the privilege or exemption, whether the claimed privilege or exemption extends to all or only part of the requested information, the person or persons to whom the privilege obtains, the subject matter sought to be deemed privileged, and the identity of all persons who have knowledge of the information claimed to be privileged;

b.     if the information or matter claimed to be privileged or exempted is a document, identify the document, give a brief summary of the contents or nature of the document, and identify all persons having knowledge of the document and all custodians of the document or any photocopies, facsimiles, and duplicates thereof.

7.     As to any interrogatory to which you assert an objection based on burden, you should:

a.     provide as much information as possible without undue burden; and

b.      state with particularity the process or method required to obtain the requested information, the estimated time and cost to obtain the requested information, and the nature and extent of the documents or other sources, if any, from which any fact responsive to the interrogatory can be obtained.

8.      Whenever such construction would make an interrogatory more, rather than less, inclusive or whenever necessary to ensure completeness or accuracy, words importing the singular number include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; and words importing the masculine gender shall include the feminine gender, and vice versa.

9.      When an interrogatory does not specifically request a particular fact or particular information, but when such fact or information is necessary to make the answer to the interrogatory comprehensible, complete, or not misleading, the interrogatory is deemed to request such fact or information.

## **INTERROGATORIES**

1.      State your full name; all other names, nicknames, or aliases that you have ever used or by which you have ever been known; all Social Security numbers that you have ever used or been issued; all driver's license numbers that you have ever used or been issued; your date and place of birth; and your Health

- 9 -

Insurance Claim Number (HICN). [Where a claimant is eligible for or has received Medicare benefits, federal law requires the party propounding interrogatories (or its insurer) to provide information, including the claimant's Social Security Number and date of birth, to the Centers for Medicare and Medicaid Services. 42 U.S.C. § 1395y(b). If you desire, you may provide your Social Security Number and date of birth in a separate document served concurrently with your answers to these interrogatories, and it will not become a part of any public record.]

2.   State whether you have ever been eligible for, applied for, enrolled in, or received benefits from Medicare, Medicaid, Temporary Assistance for Needy Families (TANF) and/or Electronic Benefits Transfer (EBT), or Social Security Disability Income. If so, identify (1) each benefit by name and by type (i.e., hospital, medical, medication or prescription, disability, etc.); (2) the date of your eligibility, application, enrollment, or receipt of benefits; and (3) each payee and the date and amount paid.

3.   State each address at which you ever resided by listing the street number and name, city or town, state, and zip code; the dates you resided at each address; the current or last known address of all persons who lived with you at

each address; your relationship with each such person; and whether you owned or rented each residence.

4.      State the name and address of every high school, vocational or trade school, college, university, professional school, graduate school, or other educational institution that you have ever attended, setting forth for each the inclusive dates of attendance, the date of graduation, and the degree or certificate received.

5.      State every job or position of employment, including self-employment and volunteer work, that you have ever held, including for each the name, address, and telephone number of the employer; the dates of commencement and termination of employment; the address(es) where you reported for work; all job titles you held; the nature of your employment and duties you performed; the name and address of your immediate supervisor; your salary or rate of compensation; and the reason for termination.

6.      Identify every union or other employee organization of which you have ever been a member by name, local number, and address, and for each state the date you joined the union or organization, your membership number, and the date your membership terminated.

7.    State whether you have ever served in the military of any country in any capacity. If so, identify the branch of the military, the date of entry, the date of discharge, the type of discharge (i.e., honorable or dishonorable), and your military serial number.

8.    State whether you have ever been charged, arrested, and/or convicted for any crime (other than a traffic offense). If so, identify each crime; the date of each charge, arrest, and/or conviction; the arresting authority; the court in which any criminal proceeding against you was held; and the disposition of each charge.

9.    State whether you have ever been a party to a civil lawsuit (other than the present action). If so, state the style or caption of the case; whether you were a plaintiff or defendant; when, where, and in what court the action was filed; the names of all other parties; the nature of each claim, counterclaim, and cross claim; and the disposition of the case.

10.    State whether you have testified under oath (whether in court, by deposition, by affidavit, or otherwise). If so, identify the state, county, and name of the court in which the action is/was pending; the style or caption of the case; the case number; the date on which the action was filed; the nature of the case; your capacity in the case (e.g., plaintiff, defendant, or non-party witness); and the

outcome of the case (specifying the type of relief and amount of any judgment or settlement, or the nature of the offense and the verdict or plea).

11.    Describe in detail all prior and subsequent claims that you have made for bodily injury or disability or emotional distress (e.g., workers' compensation, social security, etc.), stating for each the date and place of injury; the type of claim involved; and the name, address, and telephone number of the entity or insurer to whom the claim was made.

12.    Identify all healthcare providers who have ever examined, treated, or consulted with you, or from whom you have ever sought examination, treatment, or consultation, for any reason, including but not limited to medical, psychiatric, psychological, emotional, mental, and marital conditions, injuries, problems, illnesses, diseases, and concerns.  For each such healthcare provider, state the healthcare facility where such examination, treatment, or consultation occurred; the nature of the condition, injury, problem, illness, disease, or concern for which you sought or received examination, treatment, or consultation; the date(s) of examination, treatment, or consultation; and whether such condition, injury, problem, illness, disease, or concern is ongoing or has resolved.  If any such condition, injury, problem, illness, disease, or concern is ongoing, state how it

presently affects you and whether (and with whom) you have any appointments scheduled for continuing examination, treatment, or consultation.

13.     Describe in detail all injuries that you claim to have sustained as a result of the incident, indicating which injuries and damages you are suffering from at present and the manner and extent of your current suffering.

14.     State whether you have had any prior or subsequent conditions, injuries, problems, illnesses, diseases, or concerns in the areas of your body which you claim were injured as a result of the incident or to areas of your body involving the senses (e.g., sight, hearing, etc.).  For each such condition, injury, problem, illness, disease, or concern, identify all healthcare providers who have treated, examined, or consulted with you.

15.     State your total annual gross income from salary, wages, and all other sources of income for the five years preceding the incident and for all years since the incident, and identify each source of that income.

16.     For each element of damages that you claim in this lawsuit, including but not limited to all special damages, state the amount sought, explain the method of computation, identify all persons who have knowledge or information concerning such damages or computation, and identify all documents relating to such damages and computation.

17.    If you are claiming that you suffered mental, emotional, or physical pain or suffering as a result of any injury, illness, disease, symptom, condition, or complaint sustained as a result of the incident, set forth the following:

    a.    the nature of such mental, emotional, or physical pain or suffering, including but not limited to the injury, illness, disease, symptom, condition, or complaint associated therewith;

    b.    by inclusive dates, the period of time that you experienced such mental, emotional, or physical pain or suffering as to each such injury, disease, symptom, condition, or complaint;

    c.    the name, business and residence address, and telephone number of any person who possesses or claims to possess any knowledge of any facts pertaining to your mental, emotional, or physical pain or suffering; and

    d.    the name, business and residence address, and telephone number of any person known to you who can compare your mental, emotional, or physical condition prior to and following the incident.

18.   If you are claiming that you suffered any permanent disability as a result of any injury, illness, disease, symptom, condition, or complaint sustained as a result of the incident, set forth the following:

   a.   the nature of such disability;

   b.   the date that you first experienced such disability, if different from the date of the incident;

   c.   the name, business and residence address, and telephone number of any person who possesses or claims to possess any knowledge of any facts pertaining to your claim of such disability; and

   d.   the name, business and residence address, and telephone number of any person known to you who can compare your physical condition prior to and following the incident.

19.   If you are claiming that the incident has caused you to curtail or discontinue any activity, sport, or hobby in which you engaged prior to the incident, set forth the following:

   a.   the nature of such activity, sport, or hobby;

   b.   by inclusive dates, the period of time during which such activity, sport, or hobby was curtailed or discontinued; and

     c.     if you have been able to resume such activity, sport, or hobby, the frequency with which you presently engage in such activity, sport, or hobby.

20.    If you are claiming that the incident has caused you any diminution and/or loss of enjoyment of your life, set forth the following:

     a.     the nature of such diminution and/or loss of enjoyment of life;

     b.     by inclusive dates, the period of time that you experienced such diminution and/or loss of enjoyment of life;

     c.     the name, business and residence address, and telephone number of any person who possesses or claims to possess any knowledge of any facts pertaining to such diminution and/or loss of enjoyment of life; and

     d.     the name, business and residence address, and telephone number of any person known to you who can compare your mental and emotional outlook on life prior to and following the incident.

21.    Describe in detail all of your activities during the forty-eight hour period immediately preceding the incident, identifying as to each activity the location and each person who was present.

22.   Describe in detail how you contend the incident occurred, being specific as to dates, times, and the identity of each person who was involved or present.

23.   Identify each statement (whether oral, written, recorded, or videotaped) made by any person who has knowledge relating to the incident or your claims. For each such statement, state the date on which the statement was made and identify the person who gave the statement, the person who took or received the statement, and the person who has possession, custody, or control of the statement.

24.   State whether you have investigated the incident. If so, identify each person who conducted the investigation and the date(s) of the investigation, each person interviewed and whether any statement (whether oral, written, recorded, or videotaped) was obtained from each such person, and all documents that evidence or relate to the investigation (including but not limited to reports, statements, photographs, and videotapes).

25.   Describe all acts or omissions that you contend were a breach of duty or that you contend gives rise to liability on the part of defendant, and identify all witnesses and documents that you believe will support and contradict your response.

26.    Identify all statutes, ordinances, rules, regulations, and other laws that you contend defendant violated with respect to the incident.

27.    State the substance of, and the names of the parties to, all conversations or other communications that you have had with defendant and its agents, employees, or representatives prior to, at the time of, or at any time following the incident.

28.    Identify all insurance policies (including but not limited to health insurance, disability insurance, automobile insurance, life insurance, workers' compensation insurance, homeowner's or renter's insurance, or umbrella insurance policies) under which you have been covered for the past ten years, including but not limited to the name and address of the insurer, the type of insurance, the policy number, and the policy limits.

29.    State whether you have ever been refused or denied any insurance policy (including but not limited to health insurance, disability insurance, automobile insurance, life insurance, workers' compensation insurance, homeowner's or renter's insurance, or umbrella insurance policies) or had such insurance policy issued under any type of special rating, limitation, or exclusion. If so, identify each such insurance policy, including but not limited to the name and address of the insurer, the type of insurance, the policy number, and the policy limits.

30.     State whether you have ever received any psychiatric or psychological counseling or therapy, whether individually or in a group.  If so, state the reason you sought such psychiatric or psychological counseling or therapy, the name and address of each healthcare provider or other qualified individual or group from whom you received counseling or therapy, the dates during which you received counseling or therapy, and the nature of the counseling or therapy.  Also, identify any medications that you were prescribed in connection with the counseling or therapy.

31.     Describe the extent to which you have used drugs, both prescription and narcotic, or consumed alcoholic beverages during the ten years preceding the incident, specifying the name or brand of each substance consumed, the amount of each substance consumed by quantity or dosage, the frequency with which you used each substance, and the dates that you used each substance.  For any such consumption that occurred during the twenty-four hour period immediately preceding the incident, specify the kind and quantity of each consumed and the time(s) and place(s) where such consumption occurred.  For each prescription medication listed, identify the name of the prescribing physician, the pharmaceutical name for the medication, the reason(s) for taking the medication, and the pharmacy where you filled the prescription.  If you ever received treatment

at any healthcare facility for drug or alcohol abuse, identify each such facility and state the nature of the treatment you received, the date of onset, the date(s) of treatment, an itemization of the expenses incurred, and the identity of the person(s) who paid for the services.

32.    State whether you have received any payment from an insurance company or any other source for the injuries that you sustained as a result of the incident.  If so, identify the source of the payment and state the amount paid.

33.    Identify all cellular telephone service providers that you had at the time of the incident and for each such provider identify the telephone numbers that you used (including area code), your account numbers, and the name of the person or entity who contracted with the provider.

34.    Identify all e-mail accounts that you have maintained or used for the last five years and for each such account identify your user name and domain name.

35.    Identify each social networking internet site that you have used during the past five years (e.g., Facebook, MySpace, Twitter, LinkedIn, Classmates.com, Reunion.com, Windows Live Spaces, Habbo, Blogspot, etc.).  For each such site, include the name and address of the service provider and account holder, your user

name or avatar, the internet address where the account is/was available, and the dates during which you used the account.

36.     Identify all persons who will or may testify as an expert witness, in person or through deposition, at any trial of this action. For each such person, state the qualifications of the person, including a list of all publications authored by him or her within the preceding ten years; state the specific subject matter upon which the person is expected to testify; provide the facts and opinions to which the person is expected to testify; provide a summary of the grounds for the person's opinions; identify the data or other information considered by the person in forming his or her opinions; identify all documents that you have furnished to the person; state whether the person has prepared any reports; identify any exhibits that the person will use as a summary of or support for his or her opinions; state the name, date, publisher, and author of any scientific, technical, or professional text, treatise, journal, or similar publication which the person will refer to, consider, or rely on at trial in support of his or her opinions; state the compensation to be paid for the person's study and/or testimony; and identify all other cases (including case name, case number, court, and attorneys involved for all parties) in which the person has testified as an expert at trial or by deposition within the preceding five years.

37.    Identify all persons who will or may testify as a lay witness, in person or through deposition, at any trial of this action.  For each such person, state the specific subject matter upon which the person is expected to testify.

38.    Identify all exhibits, evidentiary and demonstrative, that you will or may use at any trial of this action.

39.    Identify all of your relatives (by blood or marriage) who are more than eighteen years old and reside in DeKalb County.

40.    Identify all persons (1) who were or who you believe were present at the scene of the incident when it occurred; (2) who witnessed or claim to have witnessed the incident; (3) who arrived at the scene of the incident immediately or shortly after it occurred; and (4) who have discoverable information about your injuries or damages or the allegations in the complaint.

41.    Identify all documents that you relied on or referred to in responding to these interrogatories.

42.    Identify all persons who assisted you in the preparation of your responses to these interrogatories.

43.    If any of your responses to defendant's requests for admission are anything other than an unqualified admission, identify all the facts, witnesses, and documents that both support and contradict your position.

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148
Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendant

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\5952\45108\00093873.DOC

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF** by depositing a copy of same in the United States Mail, postage pre-paid, addressed to the following:

G. Lamar Smith, Jr., Esq.
THE LAMAR LAW FIRM, LLC
3400 Peachtree Road
Suite 1311
Atlanta, GA 30326

This 21st day of March, 2012.

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TAMIKA GAY,                        )
                                   )
          Plaintiff,               )
                                   )        CIVIL ACTION
v.                                 )        NO. 12A-41033-5
                                   )
VENTRON MANAGEMENT, LLC,           )
                                   )
          Defendant.               )

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify that I have this day served the following documents:

1.   Defendant's First Interrogatories to Plaintiff;

2.   Defendant's First Requests for Production of Documents to Plaintiff; and

3.   Defendant's First Requests for Admission to Plaintiff

upon all parties by depositing a copy of same in the United States Mail, postage pre-paid, addressed as follows:

G. Lamar Smith, Jr., Esq.
THE LAMAR LAW FIRM, LLC
3400 Peachtree Road
Suite 1311
Atlanta, GA 30326

This 21st day of March, 2012.

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148
Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendant

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\5952\45108\00093396.DOC

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS** by depositing a copy of same in the United States Mail, postage pre-paid, addressed to the following:

G. Lamar Smith, Jr., Esq.
THE LAMAR LAW FIRM, LLC
3400 Peachtree Road
Suite 1311
Atlanta, GA 30326

This 21st day of March, 2012.

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TAMIKA GAY,                          )
                                     )
          Plaintiff,                 )
                                     )        CIVIL ACTION
v.                                   )        NO. 12A-41033-5
                                     )
VENTRON MANAGEMENT, LLC,             )
                                     )
          Defendant.                 )

## DEFENDANT'S FIRST REQUESTS FOR
## PRODUCTION OF DOCUMENTS TO PLAINTIFF

COMES NOW defendant and, pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, requests that plaintiff produce for inspection and/or copying, in accordance with the definitions and instructions set forth below, the documents and other tangible things set forth below, such production to take place at the offices of Freeman Mathis & Gary, LLP, 100 Galleria Parkway, Suite 1600, Atlanta, Georgia 30339-5948.  The following requests are to be considered continuing in character and must be supplemented to the extent required by O.C.G.A. § 9-11-26(e).

## DEFINITIONS

1.      The terms "you" and "your" shall mean plaintiff, Tamika Gay, or any person(s) acting or purporting to act in any manner for her or on her behalf.

2.    The term "incident" shall mean the alleged slip-and-fall incident involving plaintiff inside unit 1207 at the Arbor Crossings Apartments on or about February 17, 2010, as more fully described in the amended complaint.

3.    The term "person" shall mean any natural person, corporation, partnership, sole proprietorship, association, institute, joint venture, firm, governmental body, or any other legally cognizable entity, for profit or not for profit, whether privately or publicly owned or controlled or partially or fully owned or controlled by a government.

4.    The term "document" shall mean, embrace, and include, but shall not be limited to, any tangible thing upon which information is or has been stored, recorded, or communicated that is in your custody, control, or possession or of which you have knowledge, whether prepared by you or any other person, including but not limited to the following:  letters; correspondence; memoranda; handwritten, typed, and stenographic notes; telegrams; telefaxes; teletypes; messages; facsimiles; records; invoices; contracts; agreements; purchase orders; financial records; financial statements; summaries; studies; analyses; reports; brochures; bulletins; notices; leaflets; pamphlets; lists; indexes; circulars; manuals; maps; drawings; sketches; charts; graphs; schedules; calendars; agenda; diaries; journals; newspapers; periodicals; memoranda; notes of telephone and personal

conversations and conferences; records of communications; audio tapes, discs, recordings, and cards; data processing tapes, discs, recordings, and cards; audio data processing tapes, discs, recordings, and cards; video tapes, discs, recordings, and cards; computer tapes, discs, recordings, and cards; magnetic tapes, discs, recordings, and cards; diskettes; recordings; computer printouts, reports, and runs and any codes necessary to comprehend such documents; data compilations; statistical compilations; x-rays; photographs; films; motion pictures; microfilms; microfiche; books; treatises; studies; all other media, records, data, and sound recordings that are machine-readable or capable of being converted into written form or transcribed; and any other method or nature, however produced or reproduced, by which or through which information is recorded, preserved, or contained, including copies of such documents. Every draft or non-identical copy of a "document" is a separate document as defined herein.

The term "document" shall also mean, embrace, and include all documents within your possession, custody, or control or the possession, custody, or control of your agents, representatives, attorneys, associates, or anyone else known to you, where such document has not been previously produced.

5.    The term "date" shall mean the exact day, month, and year, if known to you, or, if the exact date is not known, the best available approximation.

6.     The term "communication" shall include any oral utterance made, heard, or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

7.     The term "healthcare provider" shall mean doctors, physicians, dentists, psychologists, psychiatrists, mental healthcare providers, nurses, physicians' assistants, therapists, pharmacists, substance abuse treatment personnel, and all other providers of services for the purposes of diagnosing, treating, stabilizing, or otherwise affecting the physical or mental health of the patient.

8.     The term "healthcare facility" shall mean hospitals, clinics, outpatient facilities, offices, laboratories, pharmacies, and all other locations at which medical care, treatment, or medication is provided by any healthcare provider.

9.     The terms "and" and "or" shall have both conjunctive and disjunctive meanings.

## INSTRUCTIONS

1.     The following requests are to be answered to the extent of all information that is or may be available to you or to any other person or entity who has acted or is now acting on your behalf.

2.     Each request shall be construed independently and answered separately, fully, and completely, without reference to any answer to any other request, based upon your knowledge or upon your information and belief, and any answer based upon information and belief should state that it is given upon such basis.

3.     If you are unable to answer any of the following requests fully and completely after exercising reasonable effort and due diligence to secure the requested documents and things, so state and answer each such request to the fullest extent possible, specify the portion of the request that you claim you are unable to answer fully and completely, and state what knowledge, information, or belief you have concerning the unanswered portion of the request.  If the requested documents or things are in the possession, custody, or control of a person other than you, identify that person.

4.     Each request shall be construed to include documents and things within your possession, custody, or control, as well as the possession, custody, or control of your attorneys or anyone else acting on your behalf, as of the date of your answer to these requests and any supplemental documents and things responsive to these requests that are subsequently generated, obtained, or discovered.

5.    If you claim that any document, thing, or part thereof is privileged or otherwise exempt from disclosure, and you withhold such document or thing on that basis, you should:

a.    identify the document by date, author(s), addressee(s), recipient(s), and general subject matter; and

b.    state for each such document or thing the grounds for asserting the privilege or exemption from production and whether the claimed privilege or exemption extends to all or only part of the requested document or thing.

6.    As to any request to which you assert an objection based on burden, you should:

a.    produce as many responsive documents and things that can be produced without undue burden; and

b.    state with particularity the process or method required to produce the responsive documents and things, the estimated time and cost to obtain the responsive documents and things, and the nature and extent of the responsive documents and things.

7.    For each document or thing requested that was, but no longer is, in existence, you should state whether it is:

a.    missing or lost;

b.      destroyed;

c.      transferred voluntarily or involuntarily to others and, if so, to whom and when; or

d.      otherwise disposed of, and, in each such instance, explain the circumstances surrounding an authorization for such disposition and the approximate date thereof.

8.      Whenever such construction would make a request more, rather than less, inclusive or whenever necessary to ensure completeness or accuracy, words importing the singular number include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; and words importing the masculine gender shall include the feminine gender, and vice versa.

9.      Produce documents in their original form exactly as they are kept in the usual course of business or organize and label them to correspond to the categories in these requests.

10.     All requested documents are to be taken as including all attachments and enclosures.  If any portion of a document is responsive to a request, the entire document should be produced.   If documents responsive to this request are normally kept in a file or other folder, then also produce that file or folder.

## REQUESTS

1.    Produce a signed and notarized copy of the authorization for release of your medical records, which is attached as Exhibit A.

2.    Produce a signed and notarized copy of the authorization for release of your educational records, which is attached as Exhibit B.

3.    Produce a signed and notarized copy of the authorization for release of your employment records, which is attached as Exhibit C.

4.    Produce a signed and notarized copy of the authorization for release of your insurance records, which is attached as Exhibit D.

5.    Produce a signed copy of the authorization for release of your tax records (IRS Form 4506-T), which is attached as Exhibit E.

6.    Produce a signed copy of the authorization for release of your social security disability records (SSA Form 3288), which is attached as Exhibit F.

7.    Produce all documents identified in your responses to defendant's first interrogatories.

8.    Produce all documents that you relied on or referred to in responding to defendant's first interrogatories.

9.    Produce all documents relating to your education, including but not limited to school and other educational records, yearbooks, certificates, degrees,

attendance records, health and physical examination records, disciplinary records, and nurses' notes.

10.    Produce all documents relating to your employment history.

11.    Produce all documents relating to your membership in any union or other employee organization.

12.    Produce all documents relating to your military service.

13.    Produce all documents relating to any crime for which you were charged, arrested, and/or convicted.

14.    Produce all documents relating to any civil lawsuit (other than the present action) to which you have been a party.

15.    Produce all documents relating to each instance where you have testified under oath (whether in court, by deposition, by affidavit, or otherwise).

16.    Produce all documents relating to any claim that you have made for bodily injury or disability, including but not limited to workers' compensation and social security claims, other than claims made because of the incident.

17.    Produce all documents relating to any claim that you have made for payment or benefits of any type from any person because of the incident.

18.    Produce all documents relating to any payment or benefits of any type received from any person because of the incident.

19.     Produce all documents relating to the injuries allegedly sustained by you as a result of the incident.

20.     Produce all documents (including but not limited to medical bills, claims for payment, correspondence to or from healthcare providers or healthcare facilities, admission and discharge forms, medical reports, correspondence to or from insurance companies, letters, diaries, calendars, and notes) relating to any mental or physical injury, illness, condition, or disability that you contend you have sustained as a result of the incident.

21.     Produce all documents that identify any healthcare provider or healthcare facility with whom you communicated concerning any mental or physical injury, illness, condition, or disability that you contend you have sustained as a result of the incident.

22.     Produce all documents relating to any prior or subsequent injuries, illnesses, conditions, or disabilities in the areas of your body which you claim were injured in the incident or to the areas of your body involving the senses (e.g., sight, hearing, etc.).

23.     Produce all documents that reflect your income for the five years preceding the incident and for all years since the incident, including but not limited

to your federal and state income tax returns (including all schedules and attachments), your W-2 forms, and any other documents showing earned income.

24.   Produce all documents that support each element of damages you claim in this action.

25.   Produce all documents that reflect the expenses you have incurred as a result of the incident.

26.   Produce all documents relating to any computation of any category of damages claimed by you.

27.   Produce all documents relating to any investigation conducted by you or by an investigator hired by you concerning the incident or your claims, including but not limited to all documents prepared by any such investigator.

28.   Produce all documents that reflect statements of any kind (whether oral, written, recorded, or videotaped) from any person, including but not limited to defendant and its agents, employees, or representatives, relating to the incident or your claims.

29.   Produce all documents relating to any communications that you have had with defendant and its agents, employees, or representatives.

30.   Produce all insurance policies (including but not limited to health insurance, disability insurance, automobile insurance, life insurance, workers'

compensation, homeowner's or renter's insurance, or umbrella policies) under which you have been covered for the last ten years.

31.    Produce all photographs, videotapes, and other graphic images in whatever form that show you subsequent to any injury, illness, condition, or disability allegedly sustained as a result of the incident, including "day in the life" photographs or videotapes.

32.    Produce all diaries, journals, correspondence, and other personal notes kept by you that relate to the incident or your claims (excluding correspondence to or from your attorney).

33.    Produce all documents (including but not limited to photographs, videotapes, diagrams, maps, and drawings) depicting or describing the location of the incident.

34.    Produce all documents submitted to or prepared by each person whom you expect to call as an expert witness, in person or by deposition, at any trial of this action.

35.    Produce all treatises, books, publications, journals, and other materials that any of your expert witnesses rely on to support their opinions.

36.    Produce a current curriculum vitae for each of your expert witnesses.

37.    Produce all documents and other tangible things that you intend to introduce into evidence or otherwise use at any trial of this action.

38.    Produce all documents that identify all persons (1) who were or who you believe were present at the scene of the incident when it occurred; (2) who witnessed or claim to have witnessed the incident; (3) who arrived at the scene of the incident immediately or shortly after it occurred; and (4) who have discoverable information about your injuries or damages or the allegations in the complaint.

39.    Produce all statements from your cellular telephone service providers for the period that includes the day of the incident.

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148
Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendant

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\5952\45108\00093904.DOC

# EXHIBIT A

**AUTHORIZATION AND RELEASE**
**FOR MEDICAL RECORDS**

To:

I hereby authorize and request the above-named hospital, institution, firm or corporation to release, upon presentation of this authorization, to law firm of Freeman Mathis & Gary LLP, and any of its agents or designees, copies of any and all recorded information concerning **Tamika Gay**, including by way of example, but not limited to, the following:

> all medical records, physician's records, surgeons' records, x-rays, CAT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films, pathology materials, slides, tissues, laboratory reports, discharge summaries, progress notes, consultations, prescriptions, records of drug abuse and alcohol abuse, HIV/AIDS diagnosis or treatment, physicals and histories, nurses' notes, patient intake forms, correspondence, psychiatric records, psychological records, social worker's records, insurance records, consent for treatment, statements of account, bills, invoices, or any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis or other information pertaining to and concerning physical or mental condition.

In addition, I hereby authorize any healthcare provider with Medical Information to discuss orally the Medical Information with the Recipients. The Medical Information may be disclosed to and used by the Recipients in connection with a civil lawsuit brought by myself.

I understand that these medical records are confidential. I understand that by signing this authorization, I am allowing the release of any medical information requested to the agency or person specified above, including HIV/AIDS diagnosis and treatment records and drug and alcohol abuse treatment records. Drug and alcohol abuse information records are specifically protected by federal and/or state regulations, and by signing this authorization I am allowing the release of any HIV/AIDS, drug and/or alcohol information records to the agency or person specified above for use in a civil lawsuit brought by myself, my relatives, or my heirs. I also understand that I may revoke this authorization at any time, except to the extent that action has already been taken in reliance upon it. This authorization expires one year after it is signed.

THE FOLLOWING APPLIES ONLY TO THE PARTY REQUESTING EITHER HIV/AIDS INFORMATION FROM THE VETERANS ADMINISTRATION OR DRUG AND/OR ALCOHOL ABUSE/TREATMENT INFORMATION RECORDS FROM ANY SOURCE – Prohibition on redisclosure: This information has been disclosed to you from records protected by Federal confidentiality rules. The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 CFR Part 2 or 38 CFR Part 1. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient or patient with sickle cell anemia or HIV infection.

You are hereby released from any and all liability in connection with the disclosure of records, documents, writings, and physical evidence to the above firm.

This authorization is continuing in nature and is to be given full force and effect to release any and all of the foregoing information learned or determined after the date thereof.

This authorization also includes the authority to copy and inspect any and all such information.

A copy of this authorization may be used in place of and with the same force and effect as the original.

_____
Name of Patient

_____
Former/Alias/Maiden Name of Patient

_____
Date of Birth of Patient

_____
Social Security Number of Patient

_____

_____
Address of Patient

_____
Signature

Sworn to and subscribed
before me this _____day
of _____, 2012.

_____
Notary Public

My commission expires:

# EXHIBIT B

## AUTHORIZATION AND RELEASE
## FOR EDUCATIONAL RECORDS

To:

I hereby authorize and request the above-named educational institution to furnish to the law firm of Freeman Mathis & Gary LLP, and any of its agents or designees, copies of any and all recorded information concerning **Tamika Gay**, including by way of example, but not limited to, the following:

> all school records including application and admission paperwork, attendance records, transcripts, diplomas, health and physical examination records, immunization records, nurses notes, disciplinary records, correspondence and any and all other information and records pertaining to the above individual.

You are hereby released from any and all liability in connection with the disclosure of records, documents, writings, and physical evidence to the above firm.

The authorization is continuing in nature and is to be given full force and effect to release any and all of the foregoing information learned or determined after the date hereof.

The authorization also includes the authority to copy and inspect any and all such information.

A copy of this authorization may be used in place of and with the same force and effect as the original.

_____
Name of Student

_____
Former/Alias/Maiden Name of Student

_____
Date of Birth of Student

_____
Social Security Number of Student

_____
Address of Student

_____
Signature

Sworn to and subscribed
before me this _____ day
of _____, 2012.

_____
Notary Public

My commission expires:

# EXHIBIT C

## AUTHORIZATION AND RELEASE
## FOR EMPLOYMENT RECORDS

To:

I hereby authorize and request the above-named company, business, institution, firm or corporation, to release, upon presentation of this authorization, to the law firm of Freeman Mathis & Gary LLP, and any of its agents or designees, any material or information pertaining to the employment of **Tamika Gay**, including by way of example, but not limited to, the following:

all applications for employment, resumes, records of all positions held, job descriptions of positions held, payroll records, W-2 forms and W-4 forms, performance evaluations and reports, statements and reports of fellow employees, attendance records, disciplinary records, workers' compensation files; all hospital, physician, clinic, infirmary, nurse, psychiatric and dental records; x-rays, test results, physical examination records and other medical records; any records pertaining to medical or disability claims, or work-related accidents including correspondence, accident reports, injury reports and incident reports; insurance claim forms, questionnaires and records of payments made; pension records, disability benefit records, and all records regarding participation in company-sponsored health, dental, life and disability insurance plans; material safety data sheets, chemical inventories, and environmental monitoring records and all other employee exposure records pertaining to all positions held; reasons for termination or leaving; and any other records concerning employment with the above-named institution.

You are hereby released from any and all liability in connection with the disclosure of records, documents, writings, and physical evidence to the above firm.

This authorization is continuing in nature and is to be given full force and effect to release any and all of the foregoing information learned or determined after the date hereof.

This authorization also includes the authority to copy and inspect any and all such information.

A copy of this authorization may be used in place of and with the same force and effect as the original.

_____          _____
Name of Employee                                     Signature

_____          Sworn to and subscribed
Former/Alias/Maiden Name of Employee        before me this _____ day
                                                     of _____, 2012.

_____
Date of Birth of Employee

_____          _____
Social Security Number of Employee           Notary Public

_____          My commission expires:

_____
Address of Employee

# EXHIBIT D

## AUTHORIZATION AND RELEASE
## FOR INSURANCE RECORDS AND REPORTS

To:

I hereby authorize and request the above-named company to furnish to the law firm of Freeman Mathis & Gary LLP, and any of its agents or designees, copies of any and all of recorded information concerning **Tamika Gay**, including by way of example, but not limited to, the following:

> applications for insurance coverage and renewals; all insurance policies, certificates and benefit schedules regarding the insured's coverage, including supplemental coverage; health and physical examination records that were reviewed for underwriting purposes, and any statements, communications, correspondence, reports, questionnaires, and records submitted in connection with applications or renewals for insurance coverage, or claims; all physicians',. hospital, psychiatric, psychological, and dental reports, prescriptions, correspondence, test results, radiological films and any other medical records that were submitted for claims review purposes; any claim record filed; records of any claim paid; records of all litigation; and any other records of any kind concerning or pertaining to the insured.

You are hereby released from any and all liability in connection with the disclosure of records, documents, writings, and physical evidence to the above firm.

The authorization is continuing in nature and is to be given full force and effect to release any and all of the foregoing information learned or determined after the date hereof.

The authorization also includes the authority to copy and inspect any and all such information.

A copy of this authorization may be used in place of and with the same force and effect as the original.

_____
Name of Insured

_____
Former/Alias/Maiden Name of Insured

_____
Date of Birth of Insured

_____
Social Security Number of Insured

_____

_____
Address of Insured

_____
Signature

Sworn to and subscribed
before me this _____day
of _____, 2012.

_____
Notary Public

My commission expires:

# EXHIBIT E

Form **4506-T**

(Rev. January 2012)
Department of the Treasury
Internal Revenue Service

# Request for Transcript of Tax Return

▶ Request may be rejected if the form is incomplete or illegible.

OMB No. 1545-1872

**Tip.** Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Transcript" or call 1-800-908-9946. If you need a copy of your return, use **Form 4506, Request for Copy of Tax Return.** There is a fee to get a copy of your return.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the transcript or tax information is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution.** *If the tax transcript is being mailed to a third party, ensure that you have filled in lines 6 through 9 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your IRS transcript to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.*

**6** **Transcript requested.** Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ▶

**a** **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120A, Form 1120H, Form 1120L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests  will be processed within 10 business days . . . . . ☐

**b** **Account Transcript,** which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 30 calendar days    . ☐

**c** **Record of Account,** which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 30 calendar days . . . . . . . ☐

**7** **Verification of Nonfiling,** which is proof from the IRS that you **did not** file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days . ☐

**8** **Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2010, filed in 2011, will not be available from the IRS until 2012. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 45 days  . . . ☐

**Caution.** *If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.*

**9** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.

Check this box if you have notified the IRS or the IRS has notified you that one of the years for which you are requesting a transcript involved **identity theft** on your federal tax return . . . . . . . . . . . . . . . . . . . . . . . . . ☐

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. **Note.** *For transcripts being sent to a third party, this form must be received within 120 days of the signature date.*

Phone number of taxpayer on  line 1a or 2a

**Sign Here**

▶ Signature (see instructions)          Date

Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ Spouse's signature          Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.          Cat. No. 37667N          Form **4506-T** (Rev. 1-2012)

Form 4506-T (Rev. 1-2012)

Section references are to the Internal Revenue Code unless otherwise noted.

## What's New

The IRS has created a page on IRS.gov for information about Form 4506-T at *www.irs.gov/form4506*. Information about any recent developments affecting Form 4506-T (such as legislation enacted after we released it) will be posted on that page.

## General Instructions

**CAUTION.** *Do not sign this form unless all applicable lines have been completed.*

**Purpose of form.** Use Form 4506-T to request tax return information. You can also designate (on line 5) a third party to receive the information. Taxpayers using a tax year beginning in one calendar year and ending in the following year (fiscal tax year) must file Form 4506-T to request a return transcript.

**Note.** If you are unsure of which type of transcript you need, request the Record of Account, as it provides the most detailed information.

**Tip.** Use Form 4506, Request for Copy of Tax Return, to request copies of tax returns.

**Where to file.** Mail or fax Form 4506-T to the address below for the state you lived in, or the state your business was in, that return was filed. There are two address charts: one for individual transcripts (Form 1040 series and Form W-2) and one for all other transcripts.

If you are requesting more than one transcript or other product and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Transcript" or call 1-800-908-9946.

## Chart for individual transcripts (Form 1040 series and Form W-2 and Form 1099)

| If you filed an individual return and lived in: | Mail or fax to the "Internal Revenue Service" at: |
| --- | --- |
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| | 512-460-2272 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | RAIVS Team Stop 37106 Fresno, CA 93888 |
| | 559-456-5876 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | RAIVS Team Stop 6705 P-6 Kansas City, MO 64999 |
| | 816-292-6102 |

## Chart for all other transcripts

| If you lived in or your business was in: | Mail or fax to the "Internal Revenue Service" at: |
| --- | --- |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |
| | 801-620-6922 |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250 |
| | 859-669-3592 |

**Line 1b.** Enter your employer identification number (EIN) if your request relates to a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P. O. box, include it on this line.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the address on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address.

**Line 6.** Enter only one tax form number per request.

**Signature and date.** Form 4506-T must be signed and dated by the taxpayer listed on  line 1a or 2a. If you completed line 5 requesting the information be sent to a third party, the IRS must receive Form 4506-T within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

*Individuals.* Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506-T exactly as your name appeared on the original return. If you changed your name, also sign your current name.

*Corporations.* Generally, Form 4506-T can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer.

*Partnerships.* Generally, Form 4506-T can be signed by any person who was a member of the partnership during any part of the tax period requested on line 9.

*All others.* See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. You are not required to request any transcript; if you do request a transcript, sections 6103 and 6109 and their regulations require you to provide this information, including your SSN or EIN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include  giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is  subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as  their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506-T will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10  min.; **Preparing the form,** 12 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or  suggestions for making Form 4506-T simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Products Coordinating Committee
SE:W:CAR:MP:T:M:S
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224

Do not send the form to this address. Instead, see *Where to file* on this page.

# EXHIBIT F

**Social Security Administration**
Consent for Release of Information

Form Approved
OMB No. 0960-0566

## Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor, you may complete this form to release only the minor's non-medical records. If you are requesting information for a purpose not directly related to the administration of any program under the Social Security Act, a fee may be charged.

**NOTE:**   Do not use this form to:

- Request us to release the medical records of a minor. Instead, contact your local office by calling 1-800-772-1213 (TTY-1-800-325-0778), or

- Request information about your earnings or employment history. Instead, complete form SSA-7050-F4 at any Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

## How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form.

- Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the information applies.

- Fill in the name and address of the individual (or organization) to whom you want us to release your information.

- Indicate the reason you are requesting us to disclose the information.

- Check the box(es) next to the type(s) of information you want us to release including the date ranges, if applicable.

- You, the parent or legal guardian acting on behalf of a minor, or the legal guardian of a legally incompetent adult, must sign and date this form and provide a daytime phone number where you can be reached.

- If you are not the person whose information is requested, state your relationship to that person. We may require proof of relationship.

### PRIVACY ACT  STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. The information you provide will be used to respond to your request for SSA records information or process your request when we release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent.

We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, in accordance with 5 U.S.C. § 552a(b) of the Privacy Act, we may disclose the information provided on this form in accordance with approved routine uses, which include but are not limited to the following: 1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and/or coverage; 2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level; 3. To comply with Federal laws requiring the disclosure of the information from our records; and, 4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. Information from these matching programs can be used to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of payments or delinquent debts under these programs.

Additional information regarding this form, routine uses of information, and other Social Security programs are available from our Internet website at www.socialsecurity.gov  or at your local Social Security office.

### PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at www.socialsecurity.gov. Offices are also listed under U.S. Government agencies in your telephone directory or you may call  1-800-772-1213 (TTY 1-800-325-0778). *You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. Send only comments relating to our time estimate to this address, not the completed form.*

Form **SSA-3288**  (07-2010) EF  (07-2010) Destroy Prior Editions

**Social Security Administration**
Consent for Release of Information

Form Approved
OMB No. 0960-0566

*SSA will not honor this form unless all required fields have been completed (\*signifies required field).*

TO:  Social Security Administration

_____
\*Name

_____
\*Date of Birth

_____
\*Social Security Number

I authorize the Social Security Administration to release information or records about me to:

\*NAME

\*ADDRESS

_____        _____

_____        _____

_____        _____

\*I want this information released because:        _____
*There may be a charge for releasing information.*

_____

\*Please release the following information selected from the list below:
*You must check at least one box.  Also, SSA will not disclose records unless applicable date ranges are included.*

☐ Social Security Number

☐ Current monthly Social Security benefit amount

☐ Current monthly Supplemental Security Income payment amount

☐ My benefit/payment amounts from _____ to _____

☐ My Medicare entitlement from _____ to _____

☐ Medical records from my claims folder(s) from _____ to _____
   *If you want SSA to release a minor's medical records, do not use this form but instead contact your local SSA office.*

☐ Complete medical records from my claims folder(s)

☐ Other record(s) from my file (e.g. applications, questionnaires, consultative examination reports, determinations, etc.)  _____

I am the individual to whom the requested information/record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult.  I declare under penalty of perjury in accordance with 28 C.F.R. § 16.41(d)(2004) that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge.  I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000.  I also understand that any applicable fees must be paid by me.

\*Signature: _____   \*Date: _____

Relationship *(if not the individual)*: _____   \*Daytime Phone: _____

Form **SSA-3288** (07-2010) EF (07-2010)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** by depositing a copy of same in the United States Mail, postage prepaid, addressed to the following:

G. Lamar Smith, Jr., Esq.
THE LAMAR LAW FIRM, LLC
3400 Peachtree Road
Suite 1311
Atlanta, GA 30326

This 21st day of March, 2012.

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TAMIKA GAY,                                )
                                           )
          Plaintiff,                       )
                                           )          CIVIL ACTION
v.                                         )          NO. 12A-41033-5
                                           )
VENTRON MANAGEMENT, LLC,                   )
                                           )
          Defendant.                       )

## DEFENDANT'S FIRST REQUESTS FOR ADMISSION TO PLAINTIFF

COMES NOW defendant and, pursuant to O.C.G.A. §§ 9-11-26 and 9-11-36, requests that plaintiff respond to the following requests for admission in writing within the time permitted by law and in accordance with the definitions and instructions set forth below.   The following requests are to be considered continuing in character and must be supplemented to the extent required by O.C.G.A. § 9-11-26(e).

## DEFINITIONS

1.     The terms "you" and "your" shall mean plaintiff, Tamika Gay, or any person(s) acting or purporting to act in any manner for her or on her behalf.

2.     The term "incident" shall mean the alleged slip-and-fall incident involving plaintiff inside unit 1207 at the Arbor Crossings Apartments on or about February 17, 2010, as more fully described in the amended complaint.

## **INSTRUCTIONS**

1.     The following requests are to be answered to the extent of all information that is or may be available to you or to any other person or entity who has acted or is now acting on your behalf.

2.     Each request shall be construed independently and answered separately, fully, and completely, without reference to any answer to any other request, based upon your knowledge or upon your information and belief, and any answer based upon information and belief should state that it is given upon such basis.

3.     If you cannot respond fully and completely to any request or part thereof, then answer to the fullest extent possible and state the reason for your inability to provide a full and complete response.

4.     To the extent that any information called for by any request is unknown to you, so state and set forth such information as is known to you. If any estimate can reasonably be made in place of unknown information, set forth your

best estimate, clearly designated as such, and describe the basis upon which the estimate is made.

5.      The following requests are continuing to the full extent permitted under, and supplemental responses shall be required pursuant to, the applicable provisions of the Georgia Civil Practice Act and other applicable law.

6.      All definitions and instructions set forth herein are expressly incorporated into the following requests by this reference as if fully set forth therein and shall be carefully regarded.

## **REQUESTS**

1.      Admit that you have been a citizen of Georgia continuously since February 17, 2010.

2.      Admit that you have resided within the counties comprising the Northern District of Georgia continuously since February 17, 2010.

3.      Admit that the amount in controversy in this case exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      If you denied request no. 3, admit that you will not amend your complaint to seek damages in excess of $75,000, exclusive of interest and costs, after the expiration of one year from the date this case was commenced.

5.     If you denied request no. 3, admit that you will not ask a judge or jury to award damages in excess of $75,000, exclusive of interest and costs.

6.     If you denied request no. 3, admit that in the event of a verdict in excess of $75,000, exclusive of interest and costs, you will agree not to execute on any portion of the judgment that exceeds $75,000, exclusive of interest and costs.

7.     If you denied request no. 3, admit that in the event of a verdict in excess of $75,000, exclusive of interest and costs, you will agree that the judgment shall be satisfied and canceled upon payment of $75,000, exclusive of interest and costs.

FREEMAN MATHIS & GARY, LLP,

Sun S. Choy
Georgia Bar No. 025148
Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendant

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\5952\45108\00093898.DOC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the foregoing **DEFENDANT'S FIRST REQUESTS FOR ADMISSION TO PLAINTIFF** by depositing a copy of same in the United States Mail, postage pre-paid, addressed to the following:

G. Lamar Smith, Jr., Esq.
THE LAMAR LAW FIRM, LLC
3400 Peachtree Road
Suite 1311
Atlanta, GA 30326

This 21st day of March, 2012.

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

TAMIKA GAY,                          )
                                     )
    Plaintiff,               )
                                     )         Civil Action File
v.                                   )         No. 12A-41033-5
                                     )
VENTRON MANAGEMENT, LLC,             )
                                     )
    Defendant.               )
                                     )
                                     )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUESTS FOR ADMISSION TO PLAINTIFF

COMES NOW  Tamika Gay, Plaintiff in the above-referenced action, and responds to Defendant's First Request for Admission to Plaintiff as follows:

## PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS

1.

Admitted.

2.

Admitted.

3.

Admitted

4.

Not Applicable

5.

Not Applicable

6.

Not Applicable

7.

Not Applicable

RESPECTFULLY SUBMITTED,

**THE LAMAR LAW FIRM, LLC**

BY: _____
G. Lamar Smith, Jr.
Georgia Bar No. 141422
*Attorney for Plaintiff*

3400 Peachtree Rd
Suite 1311
Atlanta, GA 30326
(404) 944-1194

2